SIMPLEX RAILWAY APPLIANCE CO. v. PRESSED STEEL CAR CO.

(Circuit Court, S. D. New York. February 9, 1910.)

1. PATENTS (§ 165*)—CONSTRUCTION—CLAIMS.
    An element not claimed therein cannot be read into a claim of a patent to impart to it patentable novelty.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 241; Dec. Dig. § 165.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CAR TRUCK BOLSTER.
    The Bauer patent, No. 593,410, for a metallic car truck bolster, construed, and claims 1, 2, 4, and 5 *held* void for lack of patentable invention. Claim 6 *held* to disclose patentable novelty and invention as limited to the precise construction shown, and also infringed.

In Equity. Suit by the Simplex Railway Appliance Company against the Pressed Steel Car Company. On final hearing. Decree for complainant.

Philip B. Adams and Linthicum, Belt & Fuller (Charles C. Linthicum and J. Edgar Bull, of counsel), for complainant.
H. A. Knight, C. P. Byrnes, and Bakewell & Byrnes, for defendant.

HAZEL, District Judge. This action relates to the infringement of letters patent No. 593,410, granted November 9, 1897, to William V. Kelley for a metallic car truck bolster of which Carl E. Bauer was the inventor. The patentee assigned the patent to the complainant. In the specification the patent particularly refers to a prior patent to Waldo H. Marshall for a car truck bolster upon which the body of a railroad car is carried, said Marshall bolster consisting of a compression member of channel iron, a plate iron tension member, and a strut or king-post in the center separating them. The compression member extends in a straight line from one end to the other of the

bolster, and the tension member extends straight from the strut or king-post to its ends, where it is connected with the compression member at an acute angle and then turned around the side edges of it. The Marshall bolster concededly was open to the fault of frequent bending or splitting of the web of the compression member owing to the fact that the load or weight of the car carried; but it was not properly distributed or apportioned. From experimental tests made prior to the patent in suit, it was learned that when the bolster was strained by the load it would become weakened at its lateral ends at the point where the tension member joined the compression member. In this situation it was the object of the patent in suit to overcome such defects by strengthening the Marshall bolster at its points of weakness. This could only be accomplished in the estimation of the inventor by transferring the strain from the sides of the tension member to the sides of the compression member. A further object of the Bauer patent was to increase the strength of the bolster by forming the metallic parts in such a way as to make the length of the truss less in proportion to its depth. The claims in issue read as follows:

"1. In a bolster, the combination with its compression member, tension member, and middle support; of a strengthening-piece around which the end of the tension member is bent, substantially as described.

"2. In a bolster, the combination with its compression member, tension member, and middle support; of a strengthening-piece placed between the end of said compression member and the bent-up portion of the tension member, substantially as described."

"4. In a bolster, the combination with its compression member, tension member, and middle support; of a strengthening-piece placed at the end of said compression member, and at its outer edge overlapping the web of the same, substantially as described.

"5. In a bolster, the combination with its compression member, tension member, and middle support; of a strengthening-piece having its outer edge rounded, and the bent portion of said tension member engaging said rounded edge, substantially as described.

"6. In a bolster, the combination with the middle support; of a compression member, and a tension member, the said compression member being bent upward near its ends in a line with said tension member, and the tension member being straight at its ends to the ends of the compression member, substantially as described."

The claims are for separate and distinct inventions, i. e., the character of the truss members, and, independently of such members, a strengthening-piece inserted or placed as described.

The principal defenses are: (1) Want of patentable invention in view of the state of the art; and (2) that the idea of the improvement was first disclosed by one Lindstrom, and that Bauer appropriated it. Regarding the latter defense, there was much testimony pro et contra which, after stripping the hull to get at the kernel, may be summarized. It appears that Mr. Kelley, the patentee, was commercially interested in the sale of the prior Marshall bolster, and, knowing of its weakness and straining from the load at the ends of the tension member, he requested the witness Lindstrom, a skilled engineer then in the employ of the Pennsylvania Railroad Lines, to make and submit a drawing and blueprint of a truck bolster which would remedy the imperfections of the Marshall bolster. Two designs, Nos. 1 and 2, in evidence, were prepared by Mr. Lindstrom and forwarded to Kelley on or about July

5, 1897, and received by him on the following day. In design No. 2 there is shown a bolster wherein the end of the tension member is bent or kinked at a point near the edges to join the compression member leaving a space at the ends in which a strengthening or filler piece is placed or inserted. On July 8th, answering Lindstrom's letter inclosing the designs and blueprints, Kelley, then in the employ of the Charles Scott Spring Company, disapproved of them and inclosed a drawing that Bauer, a mechanical engineer in the employ of the same company, had made and referred to it as a substitute for design No. 2, stating that he believed such design accomplished the purpose of remedying the defects in the Marshall bolster. Afterwards on July 21, 1897, Bauer applied for the patent in suit. Defendant claims that the Bauer improvement was fully disclosed by the Lindstrom design No. 2; that any differences in construction are mere modifications which any experienced mechanic could have made after having the said design exhibited to him. Complainant, however, has given testimony tending to show that Bauer, the inventor, on April 1, 1897, began making sketches and drawings of a truck bolster to improve the Marshall structure; that in the latter part of April Bauer exhibited a sketch and paper model to Kelley which disclosed the invention in suit.

The testimony as to the precise time when the Bauer invention was conceived and actually completed is not altogether free from criticism, but it nevertheless appears clearly enough from the evidence that the bolster in question in its essential details was completed by Bauer prior to the time when the Lindstrom designs were exhibited to him. This view would seem to find support in the fact that Lindstrom, after the Bauer patent was granted, applied for a patent to cover certain features of construction of a bolster following the design of the Bauer invention; but he did not then claim to have invented or originated such form of bolster or its equivalent. The patent in suit was cited by the Patent Office as anticipating his application, and he distinguished his improvement without attempting to antedate it. Indeed, he has never laid substantial claim of invention to the Bauer bolster, although he testified herein that such bolster is the equivalent of his design No. 2. It is evident from the proofs that at this time Kelley was commercially interested in improving the Marshall bolster, and in view of such interest and his desire to enlist Mr. Scott, who had confidence in Mr. Lindstrom, in the business of manufacturing the bolster, it is not strange that he should separately request both Lindstrom and Bauer to try to remedy the defects in the Marshall structure. Nor is it incredible, considering the narrowness of the field for patentable improvement in the bolster, that the draftsmen Bauer and Lindstrom should produce designs so nearly alike but unlike, as I think, from a patentable point of view. Both were bent on achieving the same purpose with the Marshall bolster before them, which obviously did not permit of many changes or alterations either in configuration or manufacture. Lindstrom approached the problem of strengthening the bolster at its web with a straight compression member and bent tension member. Bauer, however, believed that to kink or bend the tension member would not strengthen it or remedy its defects. He, accordingly, slightly inclined the compression member so as to joint a V-

shaped tension member near its ends so that both members extended parallel to their ends.

Does the patent disclose patentable invention? The defendant contends generally that shortening the truss by bending down the compression member to join the tension member, both members extending to the edges and to insert a strengthening-piece at the ends were obvious mechanical expedients. I think, however, that the specific improvement of claim 6 has merit and was patentably new and novel. I have examined the prior art, the patents to Marshall, Kittinger, Baker, Montz, and McCarty; but in none of them is suggested the elements of bending down the compression member to join the tension member and placing them parallel to the bent or curved portion of the tension member. True, it was old to make a V-shaped tension member and a compression member bent to turn upwardly or into line with it at the ends; but none of the prior patents disclose a method for strengthening the truss with a tension member of the kind described in the specification. The invention, concededly, was not a big discovery; but it is certainly shown that Bauer devised means to relieve the tension member from the stress of severe strain with the result that the imperfections of the Marshall metallic bolster was obviated. To this extent he advanced the art and by his adaptation achieved a new result.

The claims relating to the strengthening-piece have been carefully considered, and the question whether there was patentable invention is not entirely free from difficulty. That it was an important feature to impart a thickness and resistance to the web of the channel can scarcely be doubted; but thickening or strengthening two metallic parts joined by rivets is as old as ironmongery. To strengthen the truss member at points of weakness by adding or inserting a strengthening portion was not new or novel. In the Baker patent, No. 438,466, for a brake beam, a strengthening-piece is formed by lapping over or doubling the end. True, the prior art does not show a separate piece with lip overlapping the compression member; but to make such a strengthening-piece and place it over the compression member when its use became necessary was not, in my judgment, a patentable thing to do. It is not unlikely that by complainant's adaptation the bolster was materially improved; but to achieve the improvement by the mere use of a strengthening-piece over the compression member, fitted into a lip or hook, did not require the exercise of the inventive faculty. After disposing of the truss members as described in the specification, it undoubtedly became an obvious mechanical expedient to use such a strengthening-piece with a projecting lip to go around the compression member. Moreover, the said claims are not limited to separating the strengthening-piece from the truss members, and I think they must be held void unless the elements of claim 6 are read into them. To include such other elements in claims 1, 2, 4, and 5, however, would impart to them patentable novelty, and this the court cannot do. McCarty v. Lehigh Valley Railroad Co., 160 U. S. 110, 16 Sup. Ct. 240, 40 L. Ed. 358.

The next question deserving mention is whether claim 6, read in

connection with the specification, can be broadened to include as an equivalent a truss with a straight compression member and a curved tension member at its ends. In view of the extreme narrowness of the art, the testimony of complainant is persuasive that a bent or kinked tension member to join the compression member near the side edges would be unable to remedy the defects of the Marshall bolster, and, therefore, it was not the mechanical equivalent of claim 6. Bauer's form of construction, as has already been said, was the first which was capable of obviating the imperfections of the Marshall bolster and in fulfilling the purposes of the invention. Complainant on the hearing, however, offered to disclaim any other construction than that specifically described; hence the court will require a disclaimer to be filed as a condition of the decree, notwithstanding what has been said herein regarding the impracticability of a kinked tension member to obviate the defects of the Marshall bolster.

The defendant employs in its structure a pressed steel channel compression member which extends straight from the king-post to the center line of support with its end slanting upwardly to the strengthening-piece. The tension member is a flat plate and extends straight from the king-post to the point near the side edge, where it is joined by the compression member, and from such point both members lie parallel to the point where the tension member is turned upwardly to form a loop. Such form of construction is an infringement of the sixth claim. But claims 1, 2, 4, and 5 are void for want of patentable novelty.

A decree, with costs, may be entered accordingly.